[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an appeal from the denial of unemployment compensation. The appeals referee for the unemployment commission found the claimant, Joseph McCard, ineligible for unemployment compensation because he was suspended for willful and wanton conduct on July 9, 1999. On September 8, 1999, the board of review affirmed the referee's decision.
"To the extent that an administrative appeal, pursuant to General Statutes § 31-249b, concerns findings of fact, a court is limited to a review of the record certified and filed by the board of review. The court must not retry facts nor hear evidence. . . . The Superior Court, therefore, is bound by the findings of subordinate facts and the reasonable conclusions of fact made by the appeals referee" (Citations omitted; internal quotation marks omitted.) Latina v. Administrator,Unemployment Compensation Act, 54 Conn. App. 154, 159, 733 A.2d 885
(1999).
The referee made the following findings. The claimant's employer is a shipping company. Its sole contract is with the U.S. postal service. The claimant was issued two speeding tickets in the course of his job duties, the first on April 22, 1998, and the second on July 21, 1998. Because he had received two tickets for motor vehicle infractions within the same year, the Connecticut department of motor vehicles suspended his commercial motor vehicle license for eight weeks. The suspension took effect from March 17, 1999 and lasted until May 16, 1999. The postal service's regulations do not permit a driver to have access to U.S. postal property for three years after his commercial driver license has been suspended. This regulation and the employer's lack of non-postal contracts led to the claimant's suspension.
The claimant argues that the suspension of his commercial driver license was not willful misconduct. "If . . . the issue is one of law, the court has the broader responsibility of determining whether the administrative action resulted from an incorrect application of the law to the facts found or could not reasonably or logically have followed from such facts. Although the court may not substitute its own conclusions for those of the administrative board, it retains the ultimate obligation to determine whether the administrative action was unreasonable, arbitrary, illegal or an abuse of discretion." (Internal quotation marks omitted.) Id. "[A]s a general rule, [t]he application of CT Page 8281 statutory criteria to determine a claimant's eligibility for unemployment compensation under General Statutes §§ 31-235 and 31-236 involves mixed questions of fact and law in which the expertise of the administrative agency is highly relevant." (Internal quotation marks omitted.) Id.
General Statutes § 31-236 (a)(2)(B) provides in relevant part "[a]n individual shall be ineligible for benefits: If, in the opinion of the administrator, the individual has been discharged or suspended for . . . willful misconduct in the course of the individual's employment . . ." General Statutes § 31-236 (a) (16) defines willful misconduct as "deliberate misconduct in willful disregard of the employer's interest . . .
The Board of Review made a finding of mixed fact and law when it found that "[the employer's] interests were not furthered . . . by the claimant's driving its truck in an unsafe manner, or in a way that would lead to the loss of his license." McCard v. Midwest Transit, Inc., Unemployment Board Rev.Op., Case #1051-BR-99 (July 26, 1999).
This court finds that the Board of Review correctly applied the law and must, accordingly, defer to its expertise. Accordingly, this court shall dismiss the appeal and enter judgment for the defendant.
By the court
 _____________________ GILARDI, JUDGE